STATE OF MAINE *vs.* HENRY F. CONWELL.

Cumberland.     Opinion January 27, 1888.

*Indictment.     Intoxicating liquors.     Prior conviction.*

A prior conviction is not well laid at a term of court which ended before the certificate of decision was received from the law court in the cause.

ON report from superior court.

Search and seizure complaint under the liquor law.
The facts are sufficiently stated in the opinion.

*George M. Seiders,* county attorney, for the State.

Revised Statutes, c. 27, § 27 abrogates the common law technicalities of pleading in a great measure, and provides that, in such cases as this among others, "it is not requisite to set forth particularly the record of a former conviction, but it is sufficient to allege briefly, that such person has been convicted of a violation of any particular provision or as a common seller, as the case may be."

For the construction see *State* v. *Wentworth*, 65 Maine, 247; *State* v. *Gorham*, 65 Maine, 273; *Dolan* v. *Hurley*, 69 Maine, 576.

ˎ If all that portion of this allegation, to wit : " at a term . . . . on the tenth day of August, A. D. 1887," be rejected as surplusage, there will be left an allegation of a prior conviction, in all respects identical in force, and answering in every condition of the Statute provision, with those set out in *State* v. *Wentworth, supra,* in *State* v̇. *Gorham, supra,* and in *Dolan* v. *Hurley, supra.*

That this portion of the said allegation may be so rejected as surplusage, see Vol. 1, Bish. Crim. Proc. §§ 229, 230, which says, " whatever is immaterial to the indictment, is surplusage, which may be wholly disregarded or rejected." Also see *State* v. *Noble,* 15 Maine, 476 ; *State* v. *Staples,* 45 Maine, 320 ; *State* v. *Jackson,* 39 Maine, 296.

A conviction is had on a criminal case when the jury finds the defendant guilty, or the defendant confesses or pleads guilty. Blackstone, Vol. IV, § 362.

" Where the time when a fact happened is immaterial, and it might have happened at another day, then, if alleged under a scilicet, it is absolutely nugatory and therefore not traversable ; and if it be repugnant to the premises, it will vitiate, but the scilicet itself will be rejected as superfluous and void." Vol. I, Bishop's Crim. Proc. § 257 ; Gould on Pl. c. 3, § 40.

*Dennis A. Meaher,* for the defendant, cited : *People* v. *Jackson,* 3 Denio, 101 ; *Crickton* v. *People,* 6 Parker, C. R. 363 ; *Mallett* v. *Stevenson,* 26 Conn. 428 ; Wharton's Cr. Ev. ( 9 ed.) 14, 15.

HASKELL, J. The May term of the superior court adjourned *sine die* June 1, 1885. The former conviction is laid at that term " to wit on the tenth day of August, A. D. 1885," when a certificate. of decision was received by the clerk from the law court.

The May term had ended before the cause had been decided in the law court. The defendant's recognizance taken when his cause was marked " law " required his attendance " from term to term until and including the term of said court, next after the

certificate of decision shall be recived" from the law court. R. S., c. 134, § 26. Until that term, his attendance was not required and no judgment could be rendered against him.

*Judgment for the State, but not for prior conviction.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.